UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Diabate Amadou,

                Plaintiff,         **MEMORANDUM OPINION AND ORDER**

vs.                                      Civil No. 09-727 ADM/JJK

Lommen Abdo, Stephen C. Rathke,
Parker Rosen, and Anthony G. Edwards,

                Defendants.

_____

Diabate Amadou, pro se.

Paul C. Peterson, Esq., Lind, Jensen, Sullivan & Peterson, PA, Minneapolis, MN on behalf of Defendants Lommen Abdo and Stephen C. Rathke.

Lewis A. Remele, Jr., Esq. and Rachel B. Peterson, Esq., Bassford Remele, PA, Minneapolis, MN, on behalf of Defendants Parker Rosen and Anthony G. Edwards.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge on the Motion to Dismiss [Docket No. 6] of Lommen Abdo ("Abdo") and Stephen C. Rathke ("Rathke") and the Motion to Dismiss [Docket No. 11] of Parker Rosen ("Rosen") and Anthony G. Edwards ("Edwards") (collectively "Defendants"). Also before the Court is Plaintiff Diabate Amadou's ("Amadou") Motion for My Complaint to Stay [Docket No. 19] and Motion for Violation of My Civil Rights [Docket No. 20]. In his Complaint [Docket No. 1], Amadou alleges that Defendants did not do an adequate job representing him in an action against the Metropolitan Council. Compl. at 1-2. He also alleges that Defendants violated their professional ethics. Id. at 2. For the reasons set forth below, Defendants' Motions are granted and Amadou's Motions are denied.

## II. DISCUSSION[1]

Defendants have moved to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). "Subject matter jurisdiction ... is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir.1991). "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action." Williams v. Rogers, 449 F.2d 513, 518 (8th Cir.1971), cert. denied, 405 U.S. 926 (1972), (citing Louisville and Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)).

In this case, there are no possible grounds for federal subject matter jurisdiction. Subject matter jurisdiction cannot exist under the "federal question" statute, 28 U.S.C. § 1331, because there are no allegations suggesting that Plaintiff's claims are based on the Constitution, laws or treaties of the United States. Instead, Plaintiff attempts to sue Defendants based on state law causes of action relating to Defendants' alleged malpractice.

It is also readily apparent that subject matter jurisdiction cannot exist under the "diversity of citizenship" statute, 28 U.S.C. § 1332. Jurisdiction is conferred by that statute only when (i) the parties reside in different states, and (ii) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." Here, it appears that all the parties reside in Minnesota, so diversity of citizenship does not exist.

Thus, the Court concludes that it lacks subject matter jurisdiction and Defendants' Motions to Dismiss are granted. Amadou's Motions are denied as moot.[2]

---

[1] In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994).

[2] Additionally, Amadou's Motions are more properly characterized as arguments rather than cognizable motions.

## III.  CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  Defendants Lommen Abdo and Stephen C. Rathke's Motion to Dismiss [Docket No. 6] is **GRANTED**;

2.  Defendants Parker Rosen and Anthony G. Edwards's Motion to Dismiss [Docket No. 11] is **GRANTED**;

3.  Plaintiff Diabate Amadou's Motion for My Complaint to Stay [Docket No. 19] is **DENIED**; and

4.  Plaintiff Diabate Amadou's  Motion for Violation of My Civil Rights [Docket No. 20] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


　　　s/Ann D. Montgomery　　
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  July 2, 2009.